UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CANAL BARGE COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09 C 2843 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| WESTERN OIL FIELDS d/b/a | ) | |
| RAIN FOR RENT, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION & ORDER**

Plaintiff Canal Barge Company, Inc. ("Canal") brought this case against Western Oil Fields d/b/a Rain for Rent ("Rain for Rent"), asserting claims for breach of contract and breach of implied warranties. Presently before the court is Rain for Rent's motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).

For the reasons stated herein, the court grants Rain for Rent's motion to dismiss.

### I. BACKGROUND

According to the Complaint, sometime in 2005, Canal carried cargo of caustic soda on one of its barges for delivery to Lemont, Illinois. The cargo was contaminated, however, and on May 2, 2005, its intended recipient rejected it. Canal rented another barge to store the cargo, but lacked equipment to transfer the cargo between the barges, and so contacted Rain for Rent, which rented and sold the necessary equipment. Rain for Rent issued Canal a standardized "Application for Credit/Master Rental Agreement/Sales Agreement" (the "Master Agreement"), which Canal signed on May 6, 2005. Canal then purchased 25 micron polyester filters (the "Filters") and rented various hoses and flanges, all from Rain for Rent, to transfer the cargo.

1

On May 11, 2005–five days after signing the Master Agreement–Canal received the Filters, which its representative acknowledged by signing a delivery form (the "Delivery Document"). One week later, on May 18, 2005, Rain for Rent sent Canal an Invoice for the balance due on the Filters. However, according to Canal, the Filters did not function as promised, leading to this suit.

The Master Agreement, which Rain for Rent contends governs all transactions between the parties,[1] states, in relevant part:

> 1. The terms and conditions of the rental and sale of any equipment ("Equipment") by Rain For Rent, Western Oilfields Supply Company, its subsidiaries and affiliates ("Rentor") to the Applicant ("Rentee") are stated in the "AGREEMENT" which is this Master Rental and Sales AGREEMENT ("MRSA"), any Rentor invoice to Rentee ("Invoice"), any delivery documents, and any documents from Rentor regarding the use or handling of Equipment, or Rentor's consent under § 3(a).
> . . . .
> 14. (a) . . . **Venue for any legal disputes between parties is Kern County, California or where rental/services were performed at the sole discretion of Rentor.** . . . (d) The AGREEMENT (i) represents the entire AGREEMENT and understanding of the parties with respect to the subject matter of the AGREEMENT, and (ii) the MRSA may be executed in any number of counterparts, which shall together constitute one contract. . . (e) Rentee shall have no right or option to buy any Equipment except as otherwise stated in an Invoice.
> . . . .
> 16. . . . The above terms and conditions, as applicable, are hereby incorporated into any Sales transactions.

Master Agreement ¶¶ 1, 14, 16 (emphasis added).

The Delivery Document that Canal's representative signed upon delivery of the complained-of Filters contains several terms and conditions but no forum-selection clause. The Delivery Document states, in pertinent part:

> TERMS AND CONDITIONS: "This sale is subject to the terms and conditions stated above and on the reverse side, and customer acknowledges that he has read the terms and conditions on both sides of this form, and agrees to be bound thereby."
>
> . . .
>
> 17. <u>Entire Agreement.</u> This contract constitutes the entire agreement between the parties, all prior representations and understandings having been merged herein. No modifications or additions will be binding unless made in writing and signed by seller.

Delivery Document ¶ 17.

Finally, the Invoice that Rain for Rent sent Canal one week after the delivery is not signed by either party, but restates the terms of the Master Agreement, including the forum-selection clause.

## II. ANALYSIS

A motion to dismiss pursuant to a forum-selection clause is properly brought under Rule 12(b)(3). *Frietsch v. Refco, Inc.*, 56 F.3d 825, 830 (7th Cir. 1995). The validity of a forum-selection clause is a question of federal law. *Nw. Nat'l. Ins. Co. v. Donovan*, 916 F.2d 372, 374 (7th Cir. 1990). However, "[v]alidity and interpretation are separate issues," *id.*, and the *interpretation* of a contract, specifically the determination of whether a forum-selection clause is part of a contract, is a question of state law. *See, e.g.*, *Bourke v. Dun & Bradstreet Corp.*, 159 F.3d 1032, 1036 (7th Cir. 1998); *see also Black & Veach Constr., Inc. v. ABB Power Generation, Inc.*, 123 F. Supp. 2d 569, 577 (D. Kan. 2000). If the court interprets the contracts so that a forum-selection clause applies to the transaction at issue, it must determine whether application of the

---

[1] Canal contends that the Master Agreement only applies to rentals, and not to sales such as the transaction forming the basis of this action. The court finds Canal's argument unpersuasive, particularly given the unambiguous heading of the Master Agreement, which indicates that it pertains to sales.

3

forum-selection clause is mandatory or permissive and, if mandatory, whether enforcement of it would be unjust or unreasonable.

### A. The forum-selection clause applies to disputes arising from the transaction.

The court must first determine which state's law governs interpretation of the relevant documents. Federal courts sitting in diversity apply the forum state's law in determining whether a choice-of-law clause is valid. *See Auto-Owners Ins. Co. v. Websolv Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009). Under Illinois law, a choice-of-law clause is honored so long as enforcement of the clause would not violate public policy and there is some connection between the forum chosen and the parties or the transaction. *See Fister/Warren v. Basins, Inc.*, 578 N.E.2d 37, 40 (Ill. App. Ct. 1991). Here, the parties elected California law in all relevant documents. The parties have not established any violation of the public policy of Illinois by the application of California law. The parties agree that Rain for Rent is based in California, and Rain for Rent asserts that it negotiated the Master Agreement from California. Therefore, the court will apply California law.

California law requires that a written contract be construed as a whole. *See* Cal. Civ. Code § 1641. But Rain for Rent's citation to this statute simply this begs the question. Rain for Rent contends that "the whole" includes the Master Agreement and the Invoice, citing the Master Agreement's explicit incorporation of later agreements,[2] while Canal contends that the Delivery Document, because of its integration clause, is

4

"the whole" by itself. The parties have not called the court's attention to any specific authority regarding dueling incorporation-integration clauses.

California law does require that "[s]everal contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together." *Id.* § 1642. To be "substantially one transaction," the contracts need not be executed contemporaneously, and need not refer to one another. *See Boyd v. Oscar Fisher Co.*, 258 Cal Rptr. 473, 478 (Cal. App. Ct. 1989). The question of whether two contracts are to be read together is one of law where, as here, the evidence (as opposed to the inferences to be drawn therefrom) is undisputed. *Id.* (citing cases).

Here, the Master Agreement, the Delivery Document, and the Invoice relate to the same matters and are between the same parties. Indeed, the three contracts "form the basis of a single relationship." *In re United Air Lines, Inc.*, 438 F.3d 720, 727 (7th Cir. 2006) (interpreting Cal. Civil Code § 1642). Canal executed the general Master Agreement when it needed to rent certain equipment and purchase the Filters, executed the Delivery Document upon receipt of the Filters, then received the Invoice pertaining to the Filters just one week later. That the Delivery Document contains an integration clause does not prevent the court from construing it, the Master Agreement, and the Invoice as one under § 1642. *See Brookwood v. Bank of Am.*, 53 Cal. Rptr. 2d 515, 520-21 (Cal. App. Ct. 1996) (holding that employment agreement containing integration clause but no arbitration provision did not prevent arbitration of later employment

---

² Rain for Rent also argues that the Delivery Document does not apply to the transaction in question. In support, Rain for Rent cites Paragraph 14(e) of the Master Agreement, which states, "Rentee shall have no right or option to buy any Equipment except as otherwise stated in an Invoice." The court finds that this paragraph of no force in determining the applicability of the Delivery Document or Invoice to the transaction at issue, particularly in light of the far more explicit paragraphs 1 and 16 of the Master Agreement.

dispute, where employee signed other agreements with arbitration clauses and where court read agreements together pursuant to § 1642).

These writings are substantially one transaction, and the court therefore reads the contracts together. Both the Master Agreement and the Invoice contain identical forum-selection clauses, and the Delivery Document is silent on the issue. There is no ambiguity between the three contracts, and the forum-selection clause will be applied if it is mandatory and otherwise valid.

### B. Enforcement of the forum-selection clause is mandatory.

"[W]here venue is specified with mandatory or obligatory language, the [forum-selection] clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive." *Canadian Pac. Express & Transp. Ltd. v. Baretz*, No. 96 C 844, 1996 WL 515166, at *5 (N.D. Ill. Sept. 6, 1996) (quoting *Paper Express, Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992) (quotation marks omitted). Here, the forum-selection clause states that "Venue for any legal disputes . . . is [in] Kern County, California or where rental/services were performed at the sole discretion of [Rain for Rent]." Master Agreement ¶ 14.

The clause is mandatory. In *Paper Express*, the Seventh Circuit addressed a forum-selection clause that stated as follows:

> In all disputes arising out of the contractual relationship, the action shall be filed in the court which has jurisdiction for the principal place of business of the supplier, or its branch office which is carrying out the delivery, if the purchaser is a qualified businessman, a legal entity created by law, or a fund created by public law. The supplier also has the right to commence an action against the purchaser at the purchaser's principal place of business.

6

972 F.2d at 755. The court found that while the first sentence, read alone, suggested a permissive forum-selection clause, the second sentence would be nonsense unless the first sentence were mandatory. *Id.* at 756. The same logic applies here: Rain for Rent's specific reservation of discretion to require that proceedings be held where "rental/services were performed" makes no sense unless the mandatory venue for legal disputes is Kern County. Moreover, the Master Agreement's use of "is" is no more equivocal than "shall be," and the absence of the term "only" does not render the forum-selection clause permissive. *See id.*; *see also Apotex Corp. v. Instituto Biologico Chemioterapico S.p.a.*, No. 02 C 5345, 2003 WL 21780965, at *5-*6 (N.D. Ill. July 30, 2003). The clause's reference to venue and not simply jurisdiction further illustrates its mandatory nature. *See Vincent Union (Int'l), Ltd. v. Copyright Prods., Inc.*, 874 F. Supp. 880, 881 (N.D. Ill. 1995). Taking these considerations together, the forum-selection clause in the Master Agreement is mandatory.

**C. Enforcement of the forum-selection clause is not unreasonable or unjust.**

Mandatory forum-selection clauses are presumptively valid and will be enforced unless found to be unreasonable or unjust. *IFC Credit Corp v. Aliano Bros. Gen. Contractors, Inc.*, 437 F.3d 606, 610-11 (7th Cir. 2006). The court initially notes that Canal "is a business firm, not a hapless consumer," such that any concerns regarding bargaining power are dispelled. *See id.* at 610. Also, Rain for Rent has a valid business reason for inserting the forum-selection clause into its form master agreements. It sells and rents equipment for use "via the inland waterways of the United States," Mot. 1, and therefore "has a special interest in limiting the fora in which it potentially could be subject to suit." *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593 (1991).

7

Canal argues that Kern County is inconvenient for the parties and third-party witnesses and is an unjust venue, due to the absence of any nexus between Kern County and the facts giving rise to this suit. To set aside a forum-selection clause on grounds of convenience or justice, Canal must satisfy a "heavy burden of proof." *See id.* at 593. (citation and internal quotation marks omitted). Specifically, to escape application of a forum-selection clause, a party "must demonstrate that 'the forum will be so gravely difficult and inconvenient that [the party] will for all practical purposes be deprived of [its] day in court.'" *Paper Express*, 972 F.2d at 758 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). Canal has failed to do this.

The court acknowledges that transporting witnesses and evidence to Kern County may be costly. However, the parties can depose any Illinois-based witnesses and examine any in-state evidence here. *See generally* Fed. R. Civ. P. 45. Moreover, Canal is a national company, with its principal place of business in New Orleans, Louisiana, nearly 1,000 miles from this court. It evidently finds no prohibitive inconvenience in long-distance negotiation, and would not be deprived of its day in court by dismissal of this action in factor of litigation in Kern County.

### III. CONCLUSION

For the reasons stated above, the court grants Rain for Rent's motion to dismiss for improper venue.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: November 24, 2009